IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAMION DAVIS,                        :
                                     :
         Plaintiff                   :      CIVIL NO. 3:CV-15-145
                                     :
    v.                               :
                                     :      (Judge Conaboy)
                                     :
KEVIN M. SHANAHAN,                   :
                                     :
         Defendant                   :
_____

## MEMORANDUM
### Background

This pro se civil rights action was filed by Damion Davis, an inmate presently confined at the Dauphin County Prison, Harrisburg, Pennsylvania. The Plaintiff has also submitted a request for leave to proceed in forma pauperis. Named as sole Defendant is Trooper Kevin Shanahan of the Pennsylvania State Police. Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b).

Plaintiff states that during March, 2011 the motor vehicle he was operating while accompanied by his wife in the vicinity of Harrisburg, Pennsylvania was pulled over by Trooper Shanahan. See Doc. 1, p. 5. Shanahan allegedly told the Plaintiff that he had stopped the car because Davis was speeding. When Plaintiff responded that the defendant was lying, the Defendant asked if

1

Davis had been drinking adding that there was a strong odor of alcohol coming from the car. Plaintiff acknowledges that he admitted that He "had like two beers 3 hrs before" and that the odor was from his wife who had been drinking heavily and had vomited.[1] Id.

After the Plaintiff admittedly "got smart with the officer" Shanahan allegedly got mad, ordered the Plaintiff out of the car, and administered a field sobriety and breathalyser test. Id. at pp. 5-6. Although Davis claims to have passed the testing, he was nonetheless arrested by Trooper Shanahan. Due to Plaintiff's purportedly unwarranted arrest (and presumably his present confinement) he claims that he has lost his wife, kids, and job. As relief, Plaintiff seeks whatever relief that will give him his life back.[2] See id., ¶ V.

### Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319,

---

[1] The Plaintiff also purportedly told the Trooper that he had been drinking he would not have been able to start the car because of the interlock system on his car's ignition system due to a prior driving under the influence (DUI) offense.

[2] It is unclear whether the arrest by the Defendant led to a successful criminal prosecution or alternatively whether Davis is in jail pending disposition of a charge filed by Trooper Shanahan.

327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Habeas Corpus**

The Complaint include factual assertions that Davis is being improperly confined.  In addition, as partial relief, Plaintiff indicates that he is seeking his immediate release and the dismissal of his underlying criminal charges/conviction.  See Doc. 1, ¶ V.  It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriquez, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of

3

illegal confinement and his implied request to be released are not properly raised in a civil rights complaint. Accordingly, those claims will be dismissed without prejudice to any right Davis may have to pursue said allegations via a federal habeas corpus petition.

**Heck**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing Dauphin County confinement. There is no indication that Davis has successfully challenged either his arrest by Trooper Shanahan and/or any resulting conviction or the length of his ongoing incarceration.

Consequently, pursuant to Heck, Davis' instant Complaint to the extent that it seeks an award of monetary damages on the basis of illegal confinement is premature because he cannot maintain a cause of action for an unlawful conviction or an excessive

4

imprisonment until the basis for the conviction and imprisonment is overturned.

## Conclusion

Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman, 904 F.2d at 195 n. 3. An appropriate Order will enter.

                                          S/Richard P. Conaboy
                                          RICHARD P. CONABOY
                                          United States District Judge

DATED: JANUARY 28, 2015